**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| MATTHEW RUIZ, | ) | No. 78542-7-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| HON. EDWARD McKENNA, | ) | |
| HON. FAYE CHESS, | ) | |
| SEATTLE MUNICIPLE COURT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents. | ) | |
| | ) | |

MANN, C.J. — Matthew Ruiz was arrested for driving under the influence (DUI) after he crashed his car. Based on Ruiz's two prior negligent driving convictions that were originally charged as DUIs, the Seattle Municipal Court found that he posed a substantial danger to the public. In lieu of bail, the court ordered pretrial conditions of release that included installation of an ignition interlock device (IID) and electronic home monitoring with random breath testing (EHMB).

Ruiz appeals the conditions of release and contends that the IID and the EHMD conditions disturb his private affairs without authority of law, in violation of section I, article 7 of the Washington Constitution. We granted discretionary review and affirm.

Citations and pincites are based on the Westlaw online version of the cited material.

I.

On March 18, 2018, Ruiz was arrested for DUI after crashing his car. He had a breath alcohol concentration of .11 and admitted to taking Adderall and Zoloft. Ruiz had two prior negligent driving in the first degree convictions from 2016, both of which were originally charged as DUIs.

Ruiz was arraigned the next day before the Seattle Municipal Court and pleaded not guilty. The municipal court found probable cause for the DUI. Based on Ruiz's criminal history, the court found that Ruiz was a "violent crime risk." In lieu of bail, the court ordered conditions of release, including installation of an IID and EHMB. Ruiz agreed to and signed the conditions of release.

The IID condition required Ruiz to install a device in his car and produce a breath sample in order to start his car. The EHMB condition required Ruiz to install electronic location-monitoring equipment inside of his home, wear a location monitoring bracelet, and carry a BA/RT device[1] to provide breath samples. The IID and EHMB devices send GPS coordinates if and when Ruiz violates the conditions of his release. Ruiz installed the EHMB and IID devices as required.

Ruiz subsequently moved to strike the EHMB and IID conditions on the grounds that they violated his right to privacy under article 1, section 7 of the Washington Constitution. Ruiz filed a declaration asserting that he did not consent to the EHMB and IID conditions.

On April 12, 2018, after argument, the municipal court concluded that CrRLJ 3.2(d) provided authority to impose the EHMB and IID conditions in order to ensure

---

[1] "Breath Alcohol Real Time" device.

community safety. The court found that Ruiz was "clearly likely to commit a violent offense by consuming alcohol and operating a motor vehicle resulting in a violent offense, that being vehicular homicide or vehicular assault." The municipal court also concluded that RCW 10.21.055 provided separate authority to impose EHMB and IID conditions when a person with a prior related offense is released on a DUI charge. The court denied Ruiz's motion to strike the conditions of release.

Ruiz applied for an emergency writ of review before the King County Superior Court on April 18, 2018. The superior court denied the writ, concluding that: (1) neither the IID nor the EHMB constituted a disturbance of Ruiz's private affairs and (2) even if the conditions were a disturbance of Ruiz's private affairs, the conditions were authorized by CrRLJ 3.2(d) and RCW 10.21.055.

We granted discretionary review.

II.

Ruiz argues that the trial court erred both in concluding that the IID and EHMB conditions did not constitute a disturbance of his private affairs, and in concluding that even if they did, they were authorized by law.

We review a superior court's decision whether to grant a statutory writ of review de novo. Blomstrom v. Tripp, 189 Wn.2d 379, 389, 402 P.3d 831 (2017). We also review constitutional issues de novo. Blomstrom, 189 Wn.2d at 389.

Article I, section 7 of the Washington Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." It is well established that "'article I, section 7 provides greater protection to an individual's right of privacy than that guaranteed by the Fourth Amendment.'" Blomstrom, 189

3

Wn.2d at 399-400 (quoting State v. Parker, 139 Wn.2d 486, 493, 987 P.2d 73 (1999)).

We evaluate a claimed article I, section 7 violation following a two-step process. "First, we determine 'whether the action complained of constitutes a disturbance of one's private affairs.'" Blomstrom, 189 Wn.2d at 402-03 (quoting State v. Surge, 160 Wn.2d 65, 71, 156 P.3d 208 (2007) (plurality opinion)). "'If there is no private affair being disturbed, no article I, section 7 violation exists.'" Id. Second, if a private affair is being disturbed, we determine "'whether authority of law justifies the intrusion.'" Id.; State v. Villela, 194 Wn.2d 451 458, 450 P.3d 170 (2019).

A.

Ruiz contends that the trial court erred in concluding that the IID and EHMB conditions did not constitute a disturbance of his private affairs. This is so, he argues, because the IID requires Ruiz to submit to breath testing each time he wishes to drive and the EHMB requires he submit to random breath tests throughout the day. We agree.

The State contends that an IID does not disturb a pretrial releasee's private affairs because there is no right to drive and, unlike a random urinalysis, the physical intrusion is almost negligible. Similarly, the State argues that the EHMB condition does not disturb a pretrial releasee's private affairs because no audio or visual data is collected; only the subject's location and concentration of alcohol on their breath.

The State ignores, however, that in State v. Baird, 187 Wn.2d 210, 218, 386 P.3d 239 (2016), a plurality[2] of our Supreme Court held that "[A] breath test is a search

---

[2] The holding was supported by the four Justices on the lead opinion, Baird, 187 Wn.2d at 218, and the three Justices forming the dissent. Baird, 187 Wn.2d at 232 (McCloud dissenting).

under the Fourth Amendment and under article I, section 7."[3] In <u>Baird</u>, the court considered whether a driver's refusal to take a breath test under Washington's implied consent statute, RCW 46.20.308, is admissible as evidence of guilt at a criminal trial. A plurality of the court concluded that the impact of a breath test on privacy is slight and falls within the search incident to arrest exception to the warrant requirement. <u>Baird</u>, 187 Wn.2d at 221-22. The court concluded that under the implied consent statute, refusal to consent to a breath search is admissible as evidence of guilt and did not "comment on the exercise of a person's constitutional rights because once an exception to the warrant requirement is found to apply, no constitutional right to refuse exists." <u>Baird</u>, 187 Wn.2d at 229. Thus, while the court ultimately concluded that the search was authorized by an exception to the warrant requirement, we cannot ignore that a plurality held that a breath test is a search.

The pretrial release conditions requiring IID and EHMB invaded Ruiz's private affairs.

B.

Next, we turn to the second step of our analysis under article I, section 7: whether authority of law justifies the intrusion into Ruiz's private affairs. <u>Blomstrom</u>, 189 Wn.2d at 403. "Authority of law may be satisfied by a valid warrant, a recognized exception to the warrant requirement, a constitutional statute, or a court rule." <u>Blomstrom</u>, 189 Wn.2d at 404; <u>State v. Gunwall</u>, 106 Wn.2d 54, 68-69, 720 P.2d 808 (1986); <u>City of Seattle v. McCready</u>, 123 Wn.2d 260, 271, 868 P.2d 134 (1994).

---

[3] Amicus Washington Attorney General's Office (AGO) acknowledges the holding in <u>Baird</u> but argues it should be distinguished because Ruiz is a recidivist impaired driver and has a "lowered privacy expectation compared to a defendant with no prior offenses." The AGO offers no support for this proposition.

Ruiz argues that the trial court erred in concluding that CrRLJ 3.2(d) and RCW 10.21.055 provided the necessary authority of law. We agree with Ruiz that the trial court erred in relying on CrRLJ 3.2(d) to impose the IID and EHMB conditions. The trial court did not err, however, in relying on RCW 10.21.055.

Court rule CrRLJ 3.2(d) allows the trial court to impose conditions of release if there is a showing that the "accused will commit a violent crime." The municipal court invoked CrRLJ 3.2(d) after finding that Ruiz was "clearly likely to commit a violent offense by consuming alcohol and operating a motor vehicle resulting in a violent offense, that being vehicular homicide or vehicular assault." We disagree.

As the Supreme Court explained in Blomstrom:

No statute or holding of this court has deemed DUI to be a violent crime, and DUI does not fit the ordinary meaning of "violent" and "violence."[25] *Webster's* defines "violence" as "exertion of any physical force so as to injure or abuse." Webster's Third New International Dictionary 2554 (2002) (emphasis added). The phrase "so as to" suggests deliberate action undertaken in order to cause harm—an affirmative or even premeditated use of force not applicable to DUI.

Blomstrom, 189 Wn.2d at 406. Under Blomstrom, CrRLJ 3.2(d) does not provide legal authority to justify the invasion into Ruiz's private affairs.

RCW 10.21.055, however, on its face authorizes imposition of the IID and EHMB conditions of release. Under RCW 10.21.055, when a defendant is charged with a DUI and they have a prior offense involving drugs and/or alcohol, before authorizing pretrial release, the court "shall require, as a condition of release" that the defendant comply with monitoring conditions, including installation of an IID and 24/7 sobriety program monitoring. RCW 10.21.055(1)(a)(iii). Here, Ruiz was charged with a DUI and he had two prior negligent driving convictions, which were reduced from DUI charges. Under the

statute, the municipal court was required to impose monitoring conditions on Ruiz and authorized to impose both the IID and EMHB conditions.

We presume statutes to be constitutional. If challenged, the challenging party carries the burden of proving the statute unconstitutional "beyond a reasonable doubt." Island County v. State, 135 Wn.2d 141, 146, 955 P.2d 377 (1998). The challenger must "by argument and research, convince the court that there is no reasonable doubt that the statute violates the constitution." Island County, 135 Wn.2d at 147. While Ruiz challenges the constitutionality of the conditions, he does not challenge the constitutionality of RCW 10.21.055. We therefore must presume the statute is constitutional and provides authority of law for the IID and EMHB conditions of release.

We affirm.

_____Mann, C.J._____

WE CONCUR:

_____Leach, J._____     _____Appelwick, J._____